**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4204**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDY OLIVEREZ-JIMINEZ, a/k/a Daniel, a/k/a FNU LNU, a/k/a Erasmo, a/k/a Ulysses, a/k/a Jesus,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:10-cr-00308-JRS-11)

Submitted:  January 18, 2013            Decided:  February 4, 2013

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew A. Protogyrou, PROTOGYROU & RIGNEY, PLC, Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Michael R. Gill, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edy Oliverez-Jiminez appeals from his convictions for racketeering conspiracy (with murder and kidnapping as predicate offenses), murder in aid of racketeering, and kidnapping in aid of racketeering.[1] On appeal, he contends that there was insufficient evidence tying him to the kidnapping of Pascual Ramos and Adrian Ceja and the murder of Ramos. He further asserts that a hearsay statement was improperly admitted as a co-conspirator's statement made in furtherance of the conspiracy. We affirm.

Oliverez-Jiminez first contends that the evidence was insufficient to show that he knew or reasonably should have known that Ramos and Ceja would be kidnapped and that Ramos would be murdered in furtherance of a conspiracy to eliminate the competition. In support of this argument, Oliverez-Jiminez contends that (1) witness Sandra Obregon was an admitted liar and thief who gave uncorroborated and contradictory testimony; (2) while the evidence showed that Oliverez-Jiminez bought items at a Family Dollar store which were recovered from the murder scene, it was reasonable to conclude that he did not know the

_____

[1] Oliverez-Jiminez was also convicted of a false documents conspiracy and a money laundering conspiracy. He does not explicitly challenge these convictions. However, we find that any challenge would be meritless for the reasons discussed in this opinion.

2

purpose of the items; and (3) neither Ceja nor the Family Dollar employee was able to identify Oliverez-Jiminez.

When a defendant challenges the sufficiency of the evidence supporting the jury's guilty verdict, we view the evidence and all reasonable inferences in favor of the Government and will uphold the jury's verdict if it is supported by substantial evidence. United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing for substantial evidence, this court will not weigh evidence or review witness credibility. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Rather, it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. Id.; United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984). Appellate reversal on grounds of insufficient evidence "will be confined to cases where the prosecution's failure is clear." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010) (internal quotation marks omitted).

We find that the evidence was more than sufficient to tie Oliverez-Jiminez to the murder and kidnappings. Regarding Obregon, we will not second guess the jury's apparent decision

3

to credit her testimony. Moreover, while Oliverez-Jiminez's purchase of the Family Dollar items might have been innocent, the evidence must be viewed in the light most favorable to the Government. Finally, the fact that neither the Family Dollar employee nor Ceja were able to identify Oliverez-Jiminez is not proof of his innocence, given the circumstances of their alleged interaction.[2]

In any event, even viewing these evidentiary issues as Oliverez-Jiminez argues would not lead to the conclusion that there was insufficient evidence to show that Oliverez-Jiminez was involved with the kidnapping and murder. To the contrary, the record is replete with evidence showing not only that Oliverez-Jiminez knew about the murder and kidnappings, but also that he participated in them. Specifically, witness testimony connected Oliverez-Jiminez to the victims; duct tape, sheets, and thumb tacks, which were purchased one hour before the crime at a Family Dollar store located near the murder scene and then recovered from the murder scene, were tied to Oliverez-Jiminez by forensic evidence; the murder victim's phone and the pre-paid phone used to set up the murder victim were found in the home

---

[2] Connie Streetman, who worked at Family Dollar, testified that the items were purchased by four nervous and anxious Hispanic males. The Family Dollar video footage is of poor quality. Ceja was bound by duct tape, beaten, and threatened by four or five Hispanic males.

where Oliverez-Jiminez lived and where he traveled immediately after the murder; cell phone records placed Oliverez-Jimininez near the murder scene at the time of the murder; and Oliverez-Jiminez made a number of admissions regarding the murder. We do not review the credibility of witnesses, and we assume the factfinder resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). Given the plethora of evidence against Oliverez-Jiminez and the deference due to the decision of the jury, sufficient evidence supported Oliverez-Jiminez's convictions.

Next, Oliverez-Jiminez challenges the admission of a statement made by co-conspirator Erik Martinez-Ortiz that "they had fucked up the comptition . . . and that Erasmo [Appellant] had done it." Oliverez-Jiminez contends that the statement was improperly admitted because (1) the statement was made in Virginia and (2) the Government failed to establish that the statement was made in furtherance of the conspiracy.

A statement is not hearsay if it is offered against the defendant and is a statement of a co-conspirator of the defendant "during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).[3] For a statement to be

_____

[3] Rule 801 was amended in 2011. However, the amendments were stylistic only.

admissible under Fed. R. Evid. 801(d)(2)(E), there "must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy." Bourjaily v. United States, 483 U.S. 171, 175 (1987) (internal quotation marks omitted). Accordingly, when the Government shows by a preponderance of the evidence that (i) a conspiracy existed of which the defendant and the party were members, and (ii) the co-conspirator's statement was made in furtherance of the conspiracy, the statement is admissible. United States v. Neal, 78 F.3d 901, 905 (4th Cir. 1996).

Here, while Oliverez-Jiminez does not clearly dispute it, there was ample evidence to show that Oliverez-Jiminez and Martinez-Ortiz were both members of the FDE conspiracy. Specifically, there was testimony and evidence that Martinez-Ortiz worked for Oliverez-Jiminez in Little Rock and assisted him in luring the victims to the trailer and beating them. After the murder, both Oliverez-Jiminez and Martinez-Ortiz relocated to Virginia from Little Rock.

Regarding the purpose of the statement, Martinez-Ortiz was speaking to one of the people who was going to replace him and Oliverez-Jiminez in Little Rock. The statement, thus, served as a warning that the murder had created problems. In addition, the statement would serve to foster trust and

6

cohesiveness amongst the group and imparted information regarding the progress and status of the conspiracy. As the statement was clearly made in furtherance of the conspiracy, there was no error in the admission of the testimony.

Based on the foregoing, we affirm Oliverez-Jiminez's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED